ESTHER FEIGENBAUM ET AL., PLAINTIFFS-RESPOND-
ENTS, v. ROSAHELEN REALTY COMPANY, INCORPO-
RATED, DEFENDANT-APPELLANT.

Submitted October 5, 1937—Decided January 28, 1938.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Francis X. Kenneally.*

For the respondents, *Weinberger & Weinberger.*

The opinion of the court was delivered by

DONGES, J.   This is an appeal from a judgment of the Dis-
trict Court of the city of Passaic in favor of the plaintiffs
in an action to recover for damages resulting from an injury
to the female plaintiff sustained as the result of a fall on a
sidewalk adjacent to premises of the defendant.   The side-
walk was of flagstones and it was testified that the stones
were so out of alignment that one was considerably higher
than the stone next to it and plaintiff fell because of this
difference in level.

The contention of the plaintiffs was that the condition of
the sidewalk amounted to a nuisance; that it was improperly

constructed and that subsequent owners of the property had maintained it as a nuisance. Of course, there is no liability upon the owner for a condition of disrepair of a sidewalk caused by ordinary wear and tear. *Rupp* v. *Burgess,* 70 *N. J. L.* 7.

The trial judge in his opinion found that the sidewalk "when originally constructed by Dr. Harris, was so far out of alignment with the true pavement level thereof as to constitute same a danger in its use and a nuisance." And that the defendant as the grantee of a Dr. Harris had so maintained the nuisance.

We fail to find any evidence to sustain this conclusion of the trial judge. Dr. Harris was the predecessor in title of the defendant corporation and was its secretary and treasurer. There is no testimony at all that Dr. Harris constructed the sidewalk. On the contrary, Dr. Harris testified the sidewalk was in existence when he acquired the premises.

There was no expert testimony as to the respect in which this sidewalk was defective when constructed or as to what constituted proper construction of such a sidewalk. The only testimony bearing on improper construction is contained in the evidence of plaintiff's son who said that he had a telephone conversation with Dr. Harris and that "I asked him whether he was aware of the fact that my mother fell in front of his house, and he said yes, and he told me that the sidewalk had been fixed since, and that when it was originally laid it was improperly laid, and that he had fixed it already." Without considering the question of whether anything said by Dr. Harris would be binding upon the defendant, either because of his position as an officer of the defendant or because he was its predecessor in title, we are of the opinion that this alleged admission is insufficient to form a basis for the conclusion reached therefrom by the trial judge. There was no other evidence upon which such conclusion may be based. The mere statement "it was improperly laid" is insufficient to conclude therefrom that the sidewalk "was so far out of alignment with the true pavement level thereof as to constitute same a danger in its use and a nuisance." In what respect it

was improper when laid and the causal connection of any then existing defect with the accident are not testified to. They cannot be presumed and may not be inferred from any such bare statement as is relied upon.

We think there was a total lack of proof that the sidewalk when constructed was of such character as to constitute a nuisance and that plaintiff's fall and injury resulted from such nuisance. These were necessary things to be shown to entitle plaintiffs to recover.

The judgment is reversed, and a *venire de novo* awarded.